Donald E. J. Kilmer, Jr. [SBN: 179986]
LAW OFFICES OF DONALD KILMER
1645 Willow Street, Suite 150
San Jose, California 95125
Voice: (408) 264-8489
Fax:   (408) 264-8487
E-Mail: Don@DKLawOffice.com

Jason A. Davis [SBN: 224250]
Davis & Associates
27281 Las Ramblas, Suite 200
Mission Viejo, CA 92691
Voice: (949) 310-0817
Fax:   (949) 288-6894
E-Mail: Jason@GalGunLawyers.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| BRENDAN JOHN RICHARDS, THE CALGUNS FOUNDATION, INC., and THE SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> KAMALA HARRIS, Attorney General of California (in her official capacity), CALIFORNIA DEPARTMENT OF JUSTICE, CITY OF ROHNERT PARK, OFFICER DEAN BECKER (RP134) and DOES 1 TO 20, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br> DEMAND FOR JURY TRIAL <br><br> 42 U.S.C. §§ 1983, 1988 <br><br> SECOND AMENDMENT <br><br> FOURTH AMENDMENT <br><br> FOURTEENTH AMENDMENT |

## INTRODUCTION

1.    Plaintiff BRENDAN RICHARDS is an honorably discharged United States

Marine who saw combat duty in Iraq.  He was wrongfully arrested and

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   required to make bail and hire criminal counsel in a state criminal case in

2   which he was factually innocent.

3   2.   Plaintiff RICHARDS spent six (6) days in the Sonoma County jail while his

4   family tried to raise the funds for him to make bail.

5   3.   This deprivation of liberty, and the costs imposed on BRENDAN RICHARDS

6   are the direct result of only two possible theories:

7   a.   California's Assault Weapon definition, as set forth in Penal Code §

8   12276.1 is unconstitutionally vague, or

9   b.   The CALIFORNIA DEPARTMENT OF JUSTICE has failed in its duty

10   to keep the State's District Attorneys, Sheriffs and Municipal Law

11   Enforcement agencies properly updated and informed of emerging

12   firearm technologies. The breach of this duty places law-abiding

13   citizens at risk of arrest and unlawful incarceration for exercising their

14   "right to keep and bear arms."  This risk of prosecution has a chilling

15   effect on the exercise of a fundamental right.

16   4.   Plaintiff BRENDAN RICHARDS also seeks monetary damages and

17   injunctive relief against the CITY OF ROHNERT PARK and OFFICER

18   BECKER for unlawful seizure of his person and his firearms.

19   **PARTIES**

20   5.   Plaintiff BRENDAN RICHARDS is a natural person and citizen of the

21   United States and of the State of California.  He is an honorably discharged

22   United States Marine with six months of combat duty in Iraq.

23   6.   Plaintiff CALGUNS FOUNDATION, INC., (CGF) is a non-profit organization

24   incorporated under the laws of California with its principal place of business

25   in San Carlos, California. The purposes of CGF include supporting the

26   California firearms community by promoting education for all stakeholders

27   about California and federal firearms laws, rights and privileges, and

28   defending and protecting the civil rights of California gun owners.  CGF

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

represents its members and supporters, which include California gun owners. CGF brings this action on behalf of itself and its supporters, who possess all the indicia of membership.

7.  Plaintiff SECOND AMENDMENT FOUNDATION, INC., (SAF) is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellvue, Washtington.  SAF has over 650,000 members and supporters nationwide, including California.  The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately owned and possess firearms, and the consequences of gun control.  SAF brings this action on behalf of itself and its members.

8.  Defendant KAMALA HARRIS is the Attorney General of the State of California and she is obligated to supervise her agency and comply with all statutory duties under California Law.  She is charged with enforcing, interpreting and promulgating regulations regarding California's Assault Weapons Statutes.

9.  Defendant CALIFORNIA DEPARTMENT OF JUSTICE is an agency of the State of California, headed by the Attorney General of the State, with a statutory duty to enforce, administer and interpret the law and promulgate regulations regarding weapons identified by the California Legislature as "Assault Weapons."  This agency also has the power to issue memorandums, bulletins and opinion letters to law enforcement agencies throughout the State regarding reasonable interpretations of what constitutes an "Assault Weapon" under California Law.

10.  Defendant CITY OF ROHNERT PARK a municipal subdivision of the State of California located in Sonoma County.  Defendant CITY OF ROHNERT PARK maintains a Department of Public Safety and is responsible for setting the policies and procedures of that Department, including but not limited to

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1  the training and discipline of peace officers employed by the CITY OF
2  ROHNERT PARK.

3  11.   Defendant OFFICER DEAN BECKER was a peace officer employed by the
4  CITY OF ROHNERT PARK for all relevant time periods for this complaint.

5  12.   At this time, Plaintiffs are ignorant of the names any additional individual
6  Defendants who participated in the arrest Plaintiff BRENDAN RICHARDS.
7  Plaintiffs therefore name these individual officers as DOE Defendants and
8  reserves the right to amend this complaint when their true names are
9  ascertained. Furthermore, if/when additional persons and entities are
10  discovered to have assisted and/or lent support to the wrongful conduct of the
11  Defendants named herein, Plaintiff reserves the right to amend this
12  complaint to add those persons and/or entities as Defendants.

13  **JURISDICTION AND VENUE**

14  13.   This Court has subject matter jurisdiction over this action pursuant to 28
15  U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

16  14.   This Court has supplemental jurisdiction over any state law causes of action
17  arising from the same operative facts under 28 U.S.C. § 1367.

18  15.   Venue for this action is proper under 28 U.S.C. §§ 1391 and/or the Civil Local
19  Rules for bringing an action in this district.

20  **CONDITIONS PRECEDENT**

21  16.   All conditions precedent have been performed, and/or have occurred, and/or
22  have been excused, and/or would be futile.

23  **FACTS**

24  17.   On or about May 20, 2010, Defendant BECKER arrested Plaintiff
25  RICHARDS thus depriving him of his liberty.

26  18.   On or about May 20, 2010, Defendant BECKER seized firearms (2 pistols and
27  1 rifle) from Plaintiff RICHARDS, thus depriving him of the means of
28  exercising his Second Amendment rights.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                    Page 4 of 14                    Richards v Harris

19. The arresting agency case number for the incident is: 10-0001930.  The docket number for the Sonoma Superior Court Case was: SCR 583167.

20. Defendant BECKER investigated a disturbance at a Motel 6 located at 6145 Commerce Blvd., which was within his operational jurisdiction.

21. While both men were on the sidewalk at the motel, Defendant BECKER questioned Plaintiff RICHARDS about his involvement in the disturbance, and during the conversation, RICHARDS revealed that he had unloaded firearms in the trunk of his vehicle.

22. Defendant BECKER indicated that he planned to search the trunk of RICHARDS' vehicle and began to walk toward RICHARDS' car.  After BECKER asked a second time if Plaintiffs'  firearms were loaded and responding "no", RICHARDS inquired whether OFFICER BECKER needed a warrant to search the trunk of his car.

23. Apparently relying on Penal Code § 12031(e), OFFICER BECKER replied that since RICHARDS had admitted that firearms were in the trunk, no warrant was necessary.

24. Only after this statement, and in obedience to BECKER'S demand, did RICHARDS turn over the keys to the trunk of his vehicle.

25. OFFICER BECKER found two pistols and one rifle, along with other firearm-related equipment in the trunk. None of the firearms were loaded.

26. OFFICER BECKER inquired about the registration of Plaintiff's firearms and RICHARDS replied that those firearms that required registration were in fact registered to him.

27. OFFICER BECKER placed RICHARDS under arrest for a violation of CA Penal Code § 12280(b) – Possession of an unregistered Assault Weapon.

28. On the strength of an incident report prepared by OFFICER BECKER, who claimed to be a firearm instructor and an expert witness having previously testified about the identification of Assault Weapons, Plaintiff RICHARDS

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1   was charged by the Sonoma County District Attorney with the following

2   crimes by way of felony complaint:

3      a.   Two counts of possession of an Assault Weapon under California Penal

4           Code § 12280 et seq.

5      b.   Four counts of possession of large capacity magazines.

6   29.   Bail was set at $20,000.00.  RICHARDS spent 6 days in jail while his family

7         tried to raise the funds for bail. Finally, a $1,400 non-refundable fee was paid

8         to a bondsman and RICHARDS was released on bail.

9   30.   On September 9, 2010, prior to a scheduled Preliminary Hearing, the Sonoma

10        County District Attorney's Office dismissed all charges against Plaintiff

11        BRENDAN RICHARDS.

12  31.   The dismissal was based on an August 16, 2010 report prepared by Senior

13        Criminalist John Yount of the California Department of Justice Bureau of

14        Forensic Services.  Criminalist Yount had found that none of RICHARDS

15        firearms were assault weapons as defined by the California Penal Code or

16        any of its regulations.

17     a.   One firearm (a semi-automatic pistol) had a properly installed bullet

18          button, thus rendering the firearm incapable of accepting a detachable

19          magazine that could only be removed from the gun by the use of a tool.

20     b.   The other firearm (a semi-automatic rifle) had none of the features or

21          characteristics that make a firearm subject to registration under CA's

22          Assault Weapon regime.

23     c.   There was never an issue with the third firearm (another semi-

24          automatic pistol that is actually on the California safe handgun list)

25          being classified as an assault weapon and it was registered to Plaintiff.

26  32.   All of RICHARDS' firearms were semi-automatic guns.  California certifies

27        scores of semi-automatic pistols (including models based on the venerable .45

28        Cal. M1911 of World War II vintage) for retail sale in California.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                          Page 6 of 14                    Richards v Harris

Additionally, several manufacturers offer several models of semi-automatic, center-fire rifles that are not "assault weapons" under California law. Examples include:

a.  Ruger Mini-14 Ranch Rifle.  (Caliber 5.56mm NATO/.223 Rem.)

b.  Ruger Mini Thirty Rifle.  (Caliber 7.62 x 39mm)Ruger 99/44 Deerfield Carbine. (Caliber .44 Remington Magnum)

c.  Remington Model 750 Woodmaster. (Available in several calibers.)

d.  Browning BAR.  (Available in several calibers.)

e.  Benelli R1 Rifle. (Available in several calibers.)

f.  Springfield Armory M1A with California legal muzzle breaks and 10-round magazines.

g.  World War II Era M1 Garand, available for mail order sales from the United States Government through the Civilian Marksmanship program.  http://www.thecmp.org/Sales/rifles.htm

h.  World War II Era M1 Carbines, also available for mail order sales from the United States Government through the Civilian Marksmanship program.  http://www.thecmp.org/Sales/rifles.htm

Thus, Plaintiffs herein aver that semi-automatic firearms are common and ordinary weapons, suitable for exercising Second Amendment rights.

33.  After the government's release of the expert's report, the Prosecution had further discussions with RICHARDS' Counsel, wherein it was pointed out that California law does not criminalize mere possession of large capacity magazines.  Upon The People's concession that this is the state of the law in California, all charges against RICHARDS were dismissed.

34.  RICHARDS, through counsel, made several inquiries over the next several months to the Sonoma County District Attorney about a stipulation of factual innocense under Penal Code § 851.8.   These negotiations reached an impasse when the District Attorney insisted on a finding that there was probable

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

cause for the police to arrest RICHARDS as a *quid pro quo* for their stipulation for a finding of factual innocense. In other words, it can be inferred that the Sonoma County District Attorney still believed, after dismissing the case against RICHARDS, that there is enough ambiguity in the California Assault Weapon statutes and regulations that reasonable minds can differ and that experts are required to interpret the law. Of course this set of circumstances will still result in gun-owners continuing to be arrested, having to post bail, and having to hire attorneys and experts to clear their names.

35. BRENDAN RICHARDS made all required court appearances until the matter was dismissed on September 9, 2010.

36. BRENDAN RICHARD was thus deprived of his liberty while he was incarcerated pending the posting of bail and then through to September 9, 2010 when the case was dismissed and bail was exonerated.

37. BRENDAN RICHARDS lost time off from work and incurred travel expenses to make court appearances. He also incurred other losses associated with the criminal case against him.

38. BRENDAN RICHARDS was deprived of the possession and use of valuable personal property (two pistols and a rifle), necessary for exercising his Second Amendment "right to keep and bear arms." This deprivation of constitutionally protected property occurred from the date of his arrest until the property was returned to him following the dismissal.

39. CALGUNS FOUNDATION, INC., paid $11,224.86 for Plaintiff BRENDAN RICHARDS' legal representation in the criminal matter.

40. CALGUNS FOUNDATION, INC., has also paid for the defense and expert consultations for many other California residents similarly situated. (e.g., possession of a "bullet button" semi-automatic rifle, arrest and dismissal of charges.)

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

41. The CALIFORNIA DEPARTMENT OF JUSTICE is the State agency responsible for the training and education of law enforcement agencies with respect to Assault Weapons under Penal Code §§ 12276.5 and 12289.

42. Furthermore, California Penal Code §§ 13500 *et seq.,* establishes a commission on Peace Officer Standards and Training that requires the DEPARTMENT OF JUSTICE, with the Attorney General as an *ex officio* member of the commission, which is to provide personnel, training and training material to cities and counties to insure an effective and professional level of law enforcement within the State of California.

43. Furthermore, California Attorney General KAMALA HARRIS has concurrent prosecutorial jurisdiction with the state's 58 District Attorneys, and as a prosecutor she is bound by a duty to seek substantial justice and avoid the filing of criminal charges in which she knows or should know are not supported by probable cause.  HARRIS also has an independent duty to disclose information beneficial to the accused and by extension she has a duty to prevent wrongful arrests in the first place when she has the power to do so.

44. California's definitions of Assault Weapons are set forth at Penal Code §§ 12276 and 12276.1.

45. The California Code of Regulations interpreting the statutory definition of assault weapons are found at Title 11, Division 5, Chapters 39 & 40.

46. The Orange County Sheriff's Department has issued a training bulletin about the "bullet button" to prevent wrongful arrests in that county.

47. The City of Sacramento has issued a training bulletin about the "bullet button" to prevent wrongful arrests in that jurisdiction.

48. The Calguns Foundation Inc., has published a flow-chart to identify weapons that are designated as assault weapons under California law.

49. Defendant CALIFORNIA DEPARTMENT OF JUSTICE has promulgated an "Assault Weapons Identification Guide," an 84-page publication which

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

describes the Assault Weapons regulated in Penal Code sections 12276, 12276.1, and 12276.5.  In the Guide, the Department acknowledges that a magazine is considered detachable when it "can be removed readily from the firearm with neither disassembly of the firearm action nor use of a tool being required.  A bullet or ammunition cartridge is considered a tool."

50.   Defendant CALIFORNIA DEPARTMENT OF JUSTICE has previously declined to issue a statewide bulletin or other directive regarding the "bullet button."

51.   Because Defendant CALIFORNIA DEPARTMENT OF JUSTICE will not issue a bulletin to prevent future arrests, Penal Code § 12276.1 is unconstitutionally vague as it was applied to Plaintiff RICHARDS, and he has a continuing reasonable fear that he may suffer wrongful arrests in the future.  The vagueness arises because qualified (and apparent) experts appear to disagree about whether a particular firearm is an assault weapon under California's statutory scheme, despite the fact that semi-automatic rifles are in common use by the public and are therefore protected under the Second Amendment.

52.   Because Defendant CALIFORNIA DEPARTMENT OF JUSTICE will not issue a bulletin to prevent future wrongful arrests, Penal Code § 12276.1 is unconstitutionally vague, and the Calguns Foundation Inc., and the Second Amendment Foundation Inc., fear that its member may be subject to future wrongful arrests.  The vagueness arises because qualified experts appear to disagree about whether a particular rifle is an assault weapon under California's statutory scheme, despite the fact that semi-automatic rifles are in common use by the public and are therefore protected under the Second Amendment.

////

////

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

1
2
3

**FIRST CLAIM FOR RELIEF:**
**SECOND AMENDMENT, UNITED STATES CONSTITUTION**
**42 USC § 1983, 1988 - INJUNCTIVE/DECLARATORY RELIEF**
**AGAINST DEFENDANTS: HARRIS AND CALIFORNIA DEPT OF JUSTICE**

53.   Paragraphs 1 through 52 are incorporated by reference as though fully set forth.

54.   California Penal Code § 12276.1 is unconstitutionally vague and thus results in the wrongful arrest and detention of law-abiding citizens exercising their Second Amendment right to 'keep and bear arms' that are in common use for lawful purposes.

55.   California Penal Code § 12276.1 is unconstitutionally vague and results in the wrongful confiscation of common and ordinary firearms, that are protected by the Second Amendment, from their law-abiding owners.

**SECOND CLAIM FOR RELIEF:**
**FOURTH AMENDMENT, UNITED STATES CONSTITUTION**
**42 USC § 1983, 1988 - INJUNCTIVE/DECLARATORY RELIEF**
**AGAINST DEFENDANTS: HARRIS AND CALIFORNIA DEPT OF JUSTICE**

56.   Paragraphs 1 through 55 are incorporated by reference as though fully set forth.

57.   California Penal Code § 12031(e) is unconstitutional on its face, and as applied in this case.  Mere possession of a firearm, (i.e., exercising a fundamental right) when otherwise lawful, cannot support a finding of probable cause to believe a crime has been committed, such that the Fourth Amendment's warrant requirement can be legislatively disregarded.

58.   Plaintiff BRENDAN RICHARDS requests declaratory and/or prospective injunctive relief under 42 U.S.C. § 1983 against the Defendants HARRIS and CALIFORNIA DEPARTMENT OF JUSTICE  to prevent future violations of his constitutional right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution, while he is exercising his Second Amendment rights.

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                    Page 11 of 14                    Richards v Harris

59.  Plaintiffs CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., requests declaratory and/or prospective injunctive relief under 42 U.S.C. § 1983 against the Defendants HARRIS and CALIFORNIA DEPARTMENT OF JUSTICE to prevent  prevent future violations of their members' constitutional right to be free from unreasonable seizure under the Fourth Amendment, while exercising their Second Amendment rights.

**THIRD CLAIM FOR RELIEF:**
**42 USC § 1983, 1988 - INJUNCTIVE/ DECLARATORY RELIEF**
**CALIFORNIA PENAL CODE §§ 12276.5 & 12289**
**AGAINST DEFENDANTS: HARRIS AND CALIFORNIA DEPT OF JUSTICE**

60.  Paragraphs 1 through 59 are incorporated by reference as though fully set forth.

61.  Plaintiffs BRENDAN RICHARDS, CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., seek prospective injunctive relief against the Defendants HARRIS and CALIFORNIA DEPARTMENT OF JUSTICE to compel them to comply with their duties under California Penal Code §§ 12276.5 and 12289.

62.  Said injunctive relief will insure uniform and just application of California's Weapons Control Laws.  Uniform and just enforcement of these laws are important because these laws regulate the fundamental Second Amendment right of every law abiding citizen to keep and bear arms that are in common use for lawful purposes.

**FOURTH CLAIM FOR RELIEF:**
**FOURTH AMENDMENT | UNITED STATES CONSTITUTION**
**42 USC § 1983, 1988 - INJUNCTIVE RELIEF**
**DEFENDANTS: CITY OF ROHNERT PARK AND OFFICER BECKER**

63.  Paragraphs 1 through 62 are incorporated by reference as though fully set forth.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

64. Plaintiffs BRENDAN RICHARDS, CALGUNS FOUNDATION, INC., and SECOND AMENDMENT FOUNDATION, INC., seek injunctive relief against the Defendants CITY OF ROHNERT PARK and OFFICER BECKER that will require amendments to their policies and training to address:

    a.    Identification of assault weapons under California law.

    b.    Compliance with the Fourth Amendment's requirements for a lawful search.

65. Said injunctive relief will insure uniform and just application the Fourth Amendment and of California's Weapons Control Laws.  Uniform and just enforcement of these laws are important because these laws effect the fundamental Second Amendment right of every law abiding citizen to keep and bear arms that are in common use for lawful purposes.

**FIFTH CLAIM FOR RELIEF:**
**FOURTH AMENDMENT | UNITED STATES CONSTITUTION**
**42 USC § 1983, 1988 - DAMAGES**
**DEFENDANTS: CITY OF ROHNERT PARK AND OFFICER BECKER**

66. Paragraphs 1 through 65 are incorporated by reference as though fully set forth.

67. Plaintiffs BRENDAN RICHARDS and CALGUNS FOUNDATION, INC., seek damages against the Defendants CITY OF ROHNERT PARK and OFFICER BECKER in an amount according to proof for losses incurred as a result of the warrantless search of RICHARDS' vehicle, his arrest and the subsequent illegal seizure of his person and of the valuable property (firearms); and for expenditures (fees/costs) associated with the defense of the criminal charges.

WHEREFORE, the Plaintiffs requests that this Court:

    A.    Issue a declaratory judgment and/or injunctive relief that California Penal Code § 12276.1 is unconstitutional.

**Donald Kilmer**
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

B.  Issue a declaratory judgment and/or injunctive relief that California Penal Code § 12031(e) is unconstitutional.

C.  Issue a declaratory judgment and/or prospective injunctive relief to compel Defendants KAMALA HARRIS and the CALIFORNIA DEPARTMENT OF JUSTICE to issue appropriate memorandums and/or bulletins to the State's District Attorneys and Law Enforcement Agencies to prevent wrongful arrests.

D.  Injunctive relief against CITY OF ROHNERT PARK and OFFICER BECKER to prevent future violations of the Fourth Amendment.

E.  Damages from CITY OF ROHNERT PARK and OFFICER BECKER in an amount according to proof.

F.  Award costs of this action to all the Plaintiffs.

G.  Award reasonable attorney fees and costs to the Plaintiffs on all Claims of the complaint, including but not limited to fee/cost awards under 42 USC § 1983, 1988 and California Code of Civil Procedure § 1021.5.

H.  Such other and further relief as this Court may deem appropriate.

Dated: May 19, 2011,

/s/                                                          /s/
Donald Kilmer, Jr. [SBN: 179986]         Jason A. Davis [SBN: 224250]
Law Offices of Donald Kilmer, APC        Davis & Associates
1645 Willow Street, Suite 150            27281 Las Ramblas, Suite 200
San Jose, California 95125               Mission Viejo, CA 92691
Voice: (408) 264-8489                    Voice: (949) 310-0817
Fax:   (408) 264-8487                    Fax:   (949) 288-6894
E-Mail: Don@DKLawOffice.com              E-Mail: Jason@GalGunLawyers.com

Attorneys for Plaintiffs

Donald Kilmer
Attorney at Law
1645 Willow St.
Suite 150
San Jose, CA 95125
Vc: 408/264-8489
Fx: 408/264-8487

Complaint                          Page 14 of 14                    Richards v Harris